Opinion issued November 3, 2005
 


















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01178-CR
____________

RICHARD ORLANDO LUCIO, Appellant

V.

THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 983167
 

 
 
MEMORANDUM OPINION
             A jury found appellant, Richard Orlando Lucio, guilty of the offense of murder



and, in response to a special issue, found that appellant had used a deadly weapon in
the commission of the offense. After finding true the allegations in two enhancement
paragraphs that appellant had been previously convicted of two felony offenses, the
jury assessed his punishment at confinement for life. In his sole point of error,
appellant contends that the trial court erred in denying his “pretrial motion to testify
free from impeachment.” We affirm. 
Procedural Background
          The record indicates that, prior to trial, the State gave appellant notice that it
intended to use appellant’s prior convictions for, among other things, impeachment
purposes. Appellant then filed a pretrial motion to testify free from impeachment, in
which he requested that the trial court conduct a pre-trial hearing “to determine
whether [appellant would] be allowed to testify without being impeached by any prior
conviction,” or, alternatively, to conduct a pretrial hearing “to determine which, if
any, prior criminal convictions may be used to impeach [appellant], should he
testify.” The trial court did not rule on appellant’s motion before the trial began.
          After the State rested, outside of the jury’s presence and prior to appellant
taking the stand, the trial court denied appellant’s motion to testify free from
impeachment and allowed introduction of appellant’s prior convictions if appellant
chose to testify. Thereafter, on direct examination, appellant’s counsel preemptively
questioned appellant about his two prior convictions for the offense of possession of
a deadly weapon in a penal institution, his prior conviction for the offense of robbery
by threat, and his prior conviction for the offense of theft.


 Appellant acknowledged
that he had such prior convictions. During the State’s subsequent cross-examination,
the State questioned appellant further about his prior convictions. Appellant again
admitted to the existence of his two prior convictions for the offense of possession
of a deadly weapon in a penal institution and for his prior convictions for the offenses
of robbery by threat and theft. 
Waiver
          Appellant argues that the trial court erred in denying his pretrial motion to
testify free from impeachment because “the trial court cursorily denied [a]ppellant’s
written motion without a hearing”; the trial court “appeared unaware of, or unwilling
to employ the Theus


 criteria and how the criteria related to his case”; and, “[i]f the
trial court had actually conducted a Theus hearing, it would have found” that “the two
‘Deadly Weapon in a Penal Institution’ convictions should not have been presented
to the jury.”
          If a defendant testifies about his prior convictions on direct examination in an
effort to preempt questions anticipated by the State during cross-examination, the
defendant waives any right to appeal the trial court’s ruling regarding the
admissibility of the prior convictions. Johnson v. State, 981 S.W.2d 759, 761 (Tex.
App.—Houston [1st Dist.] 1998, pet. ref’d); Wootton v. State, 132 S.W.3d 80, 84
(Tex. App.—Houston [14th Dist.] 2004, pet. ref’d); see also Ohler v. United States,
529 U.S. 753, 760, 120 S. Ct. 1851, 1855 (2000) (“[A] defendant who preemptively
introduces evidence of a prior conviction on direct examination may not appeal claim
that the admission of such evidence was error.”). Accordingly, because appellant
preemptively testified on direct examination as to his prior convictions before cross-examination by the State, we hold that appellant waived any error regarding the trial
court’s ruling as to the admissibility of his prior convictions. 
          We overrule appellant’s sole point of error.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists Justices Nuchia, Jennings and Higley.
 
Do not publish. Tex. R. App. P. 47.2(b).